PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2001 Chevrolet Silverado struck a washed out shoulder while Gary Eisenman was traveling on County Route 29 in Greenbrier County. County Route 29 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred around 10:00 a.m. on August *43 7,2004, a clear and dry day. County Route 29 is a two-lane highway at the area of the incident involved in this claim. Mr. Eisenman testified that he was driving on County Route 29 when he saw a vehicle being driven towards him which was traveling in the middle of the road. He stated that he had to drive his vehicle onto the shoulder of the road to avoid the other vehicle. Mr. Eisenman stated that the shoulder was much lower than the level of the road and his vehicle veered across the road after he tried to steer his vehicle off the shoulder. The vehicle struck a telephone pole on the left side of the road. He stated that the shoulder was approximately eight inches lower than the road. Mr. Eisenman had first noticed the condition of the shoulder the previous November and had notified respondent of the condition on several occasions. Claimants’ vehicle struck a telephone pole sustaining extensive damage to the driver’s side of the vehicle totaling $9,832.00. Claimants’ insurance deductible was $1,000.00.
The position of the respondent is that it did have actual notice of the condition on County Route 29 at the site of the claimant’s accident; however, its crews were involved in snow and ice removal and repairs to flood damaged areas prior to claimants ’ incident.
Richard Hines, Crew Supervisor for respondent in Greenbrier County, testified that the shoulder on County Route 29 had been in a state of disrepair since November 2003, when there had been flooding in Greenbrier County. Mr. Hines stated that respondent’s crews had been involved in snow and ice removal until March 2004, and then its crews began the repair work related to flood damage from November 2003.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of the condition of the shoulder which claimants’ vehicle struck and that the washed out shoulder presented a hazard to the traveling public. The condition of the shoulder and respondent’s knowledge of this condition leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in this claim in the amount of $ 1,000.00.
Award of $1,000.00.